UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| COLBY C. BLACK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:16-cv-00572-JAW |
| NANCY A. BERRYHILL,<br>Acting Commissioner of<br>Social Security, | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on September 22, 2017 his Recommended Decision. *Report and Recommended Decision* (ECF No. 18) (*Recommended Decision*). Colby Black filed his objections to the Recommended Decision on October 6, 2017. *Pl.'s Objs. to the United States Magistrate Judge's Report and Recommended Decision* (ECF No. 19) (*Pl.'s Obj.*). The Commissioner of the Social Security Administration filed a response to Mr. Black's objections on October 19, 2017. *Def.'s Resp. to Pl.'s Obj. to the Report and Recommended Decision* (ECF No. 20). The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for

the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary. Mr. Black's objections largely reiterate the arguments the Magistrate Judge addressed and rejected, but the Court offers the following additional discussion to supplement his analysis.

A holistic reading of the Administrative Law Judge's (ALJ) order and the record evidence does not support Mr. Black's contention that the ALJ's attribution of "little weight" to the Department of Veterans Affairs (VA) disability rating does not rest upon a finding that Mr. Black performed work activity during a time period when the VA deemed him unemployable. *Pl.'s Obj.* at 4. Record evidence shows that Mr. Black worked somewhat regularly during the period leading up to the effective date of the VA's unemployability rating, and that he worked for a period after the effective date of the rating. While the ALJ could have organized his opinion more clearly to indicate this valid and adequate basis for his attribution of "little weight" to the VA's determination, "an arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where . . . the deficiency probably ha[s] no practical effect on the outcome of the case." *Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998). As such, the Court concurs with the Magistrate Judge's conclusion that "the thrust of [the ALJ's] criticism of the VA disability ratings decision was that the VA deemed [Mr. Black] unemployable even during a period when he was performing work." *Recommended Decision* at 7.

Mr. Black suggests that the ALJ's attribution of "little weight" to the opinion of Dr. Philip Pierce and his diagnosis of bipolar disorder is not supported by substantial evidence—largely because the ALJ gave greater weight to the treatment records produced by Drs. Stiefel and Browning. *Pl.'s Obj.* at 4-6. Mr. Black cites no authority for the notion that the ALJ cannot give more weight to a longitudinal treatment history, such as the Stiefel and Browning treatment records, than to a single consultative examination, such Dr. Pierce's. *Id.* at 4-5. Nor does Mr. Black cite any authority for the proposition that an ALJ may not give greater weight to repeated rule-out diagnoses, such as those made by Drs. Stiefel and Browning, than to a one-time diagnosis, such as Dr. Pierce's. *Id.* Absent any such prohibitions, the ALJ was operating within his authority—namely considering and weighing record evidence. The Court rejects this objection.

Mr. Black objects to the ALJ's residual functional capacity (RFC) determination, largely based on Dr. Pierce's 2013 opinion and the ALJ's decision not to attribute great weight to it. As discussed above, the ALJ supportably attributed it little weight. Mr. Black fails to persuasively contest the Magistrate Judge's finding that the ALJ's RFC determination was more favorable to him than the evidence would otherwise support. In such circumstances, remand based on an arguably faulty RFC is unwarranted pursuant to the District of Maine's long-standing harmless error rule for Social Security cases. *Bowden v. Colvin*, No.1:13–cv–201–GZS, 2014 WL 1664961, at

*4 (D. Me. Apr. 25, 2014).

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 18) is hereby AFFIRMED.

2. It is further ORDERED that the Commissioner's decision be and hereby is AFFIRMED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2018